## Menéndez v. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez.

No. 1.—Resuelto en junio 29, 1907.

Contribuciones—Inscripción—Certificado de Venta.—Los certificados de venta expedidos por los colectores de rentas internas deben expresar el nombre de todas aquellas personas contra las cuales se hubiera seguido el procedimiento de apremio, á fin de que el Registrador pueda determinar si son las mismas, á cuyo favor aparecen inscritos los bienes en el registro. La falta de ese requisito en el certificado de venta constituye un defecto insubsanable que impide su inscripción.

Bienes de Menores—Autorización Judicial.—La madre con patria potestad sobre sus hijos, necesita autorización judicial para representar á éstos en el otorgamiento de un documento público que afecte al dominio de los bienes inmuebles de los mismos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Ramírez.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Rodolfo Ramírez Vigo, á nombre de Don Ricardo Menéndez Monsegur contra nota denegatoria del Registrador de la Propiedad de Mayagüez á inscribir un certificado de venta de una finca rústica.

*Resultando:* Que seguido expediente de apremio por el colector de rentas internas de Mayagüez contra Elena Rivera y otros en cobro de contribuciones atrasadas, se embargó á los deudores un predio de 58 cuerdas de terreno, sitas en el barrio Legisamos, del término municipal de aquella ciudad, y que sacado á pública subasta se adjudicó á Don Ricardo Menéndez como el mejor postor que se presentó en la subasta; y que expedido á favor del comprador el correspondiente certificado de compra por el colector de rentas y presentado que fué al Registro de la Propiedad de Mayagüez para su inscripción, la denegó el registrador por los fundamentos que expresa la nota que se ve al pie de dicho documento, la que copiada literalmente dice así:

"No admitida la inscripción del precedente documento con vista de un escrito de nota adicional, firmado por Don Ricardo Menéndez, en el que hace constar que la finca rematada se compone de dos fracciones de terreno. Una de 50 cuerdas y otra de 8, radicadas en el barrio de Río Cañas, de este término, las que describe, por los defectos de no haberse consignado en documento auténtico la aclaración hecha en el escrito de nota adicional; de no identificarse en manera alguna la finca de 58 cuerdas, objeto del remate con las dos fracciones que se describen en dicho escrito; y por el de hallarse las dos referidas fincas inscritas á favor de Da. Elena Rivera y sus dos hijas Da. Lorenza y Da. Elena Traval y Rivera, y haberse seguido el procedimiento de apremio contra Da. Elena Rivera y otros, sin que se exprese en el certificado de venta el nombre de éstos, habiéndose tomado la correspondiente anotación preventiva por 120 días, desde esta fecha á los folios 7 y 13 vueltos, del tomo 64, del ayuntamiento de Mayagüez, fincas números 2298 y 2299, duplicado, anotaciones letras C., las que quedan sujetas al resultado de las anotaciones letras A. y B. de las mismas fincas. Habiéndose consignado además, el defecto subsanable de expresarse en el escrito de nota adicional, que las dos fracciones de que se dice se compone la finca rematada, radican en el barrio de Río Cañas, apareciendo, según el registro, en el de Legisamos.—Mayagüez, P. R., noviembre 16, de 1906.—José E. Benedicto, Registrador de la Propiedad."

*Resultando:* que para subsanar el defecto consignado por
el registrador en su nota y acreditar que las personas contra
las que aparecía dirigido el expediente de apremio, bajo el
título de Elena Rivera y otros, eran Doña Elena Rivera Vda.
de Traval y sus hijas Doña Elena y Doña Lorenza Traval y
Rivera, á cuyo favor aparecían inscritos los terrenos en el
registro de la propiedad en dos fracciones, una de 50 cuerdas
y la otra de 8, se presentó al registro copia de un acta notarial
otorgada en Mayagüez ante el abogado y notario de la misma
Don Rodolfo Ramírez Vigo, en 7 de diciembre de 1906, por
la que Doña Elena Rivera Vda. de Traval así lo hacía constar
para que se convirtiera en inscripción definitiva la anotación
tomada del certificado de venta, á lo que se negó el registrador
por los motivos que expresa la nota puesta al pie de dicho
certificado, la que copiada á la letra dice así:

"No admitida la conversión en inscripción definitiva de las ano-
taciones tomadas, en virtud del precedente documento, la que se ha
solicitado, presentando en esta oficina el anterior certificado de venta,
y un acta notarial otorgada en siete del corriente mes, ante el No-
tario Don Rodolfo Ramírez, por la que Da. Elena Rivera por sí y en
representación de sus menores hijas Da. Lorenza Traval y Rivera y
Da. Elena de los propios apellidos, hace algunas aclaraciones referen-
tes al precedente certificado de venta, por los defectos de no estar la
referida Da. Elena Rivera autorizada para aclarar ó enmendar un
documento otorgado por un funcionario del Gobierno, ni para repre-
sentar á sus menores hijas en el otorgamiento de un documento público
que afecte al dominio de los bienes inmuebles de las mismas, sin la
debida autorización judicial, habiéndose tomado la correspondiente
anotación preventiva á los folios 8 y 14 vueltos, del tomo 64 de este
ayuntamiento, fincas números 2298 y 2299 duplicados, anotaciones
letras D, las que quedan sujetas al resultado de las anotaciones letras
A, B y C, de las mismas fincas.—Mayagüez doce de diciembre de
1906.—José E. Benedicto, Registrador de la Propiedad."

*Resultando:* que contra esta nota ha interpuesto Don Ri-
cardo Menéndez Monsegur, por conducto de su abogado Don
Rodolfo Ramírez Vigo, el presente recurso gubernativo para

que se revoque dicha nota y se ordene al registrador que teniendo por subsanados con el acta notarial de 7 de diciembre de 1906 otorgada por Doña Elena Rivera, los defectos que hizo constar en la nota de 16 de noviembre último y que motivaron la anotación de suspensión, proceda á inscribir á nombre de Don Ricardo Menéndez las dos fracciones de terreno, una de 50 cuerdas y la otra de 8, que aparecen á favor de Doña Elena Rivera y sus hijas Elena y Lorenza Traval y Rivera, toda vez que resulta debidamente identificado que la finca que en 27 de julio de 1906 compró Don Ricardo Menéndez al Tesoro de Puerto Rico para el pago de las contribuciones adeudadas por Elena Rivera y otros, es la misma y se compone de las indicadas dos fracciones de terreno.

*Resultando:* Que en este estado se presentó ante esta Corte Suprema Don José Antonio Fernández, diciéndose apoderado de la Sociedad Pérez Hermanos, sin acreditarlo de ninguna manera, para que se desestimara el recurso interpuesto por Don Ricardo Menéndez, por no pertenecer á éste los terrenos de que se trata y sí á sus representados Pérez Hermanos.

*Aceptando* los fundamentos de la resolución impugnada.

*Se confirma* la nota puesta por el Registrador de la Propiedad de Mayagüez á la vuelta del certificado de venta expedido á favor de Don Ricardo Menéndez y por la que se declara no haber lugar á convertir en inscripción definitiva la anotación preventiva tomada á favor de dicho Sr. Menéndez; y devuélvanse los documentos presentados al registrador de Mayagüez, con copia de la presente resolución, para su conocimiento y demás efectos; y en cuanto al escrito presentado en este recurso por Don José Antonio Fernández, no há lugar á proveer, y devuélvansele á éste sus documentos.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.